GILBERTO MOYA VEGA
REG # 10597-041
BOX 730 HIGHWAY 95
BASTROP, TX, 78602

RECEIVED
BY MAIL
DEC - 5 2005
CLERK, US DIST. COURT
ST. PAUL, MN

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT COURT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Respondent<br>v.<br>GILBERTO MOYA VEGA<br>Petitioner | ) | CRIMINAL CASE 02-283-(2) DWF/SRN |

**COMES NOW PETITIONER** Vega Pro Se, requesting this Honorable Court to accept this Motion and give petitioner the opportunity to be heard and allow the him the true to comeforward pursuant to the application of Federal Rules in this case. On the grounds that the sentence was determined and imposed in violation of the Fourth Fifth adn Sixth Amendment, under application of the recent case of the .

UNITED **STATES AND BOOKER v WASHINGTON 542 U.S**

**2004 WL 1402697 (June 2004) respectfully submitts the following**

**PRO SE STATUS JUDICIAL INTERPRETATION AND CONSTRUCTION**

The defendant is filling this Motion Pro Se, being indigent and having no legal training or experience, and being limited by the functional constraints of incerceration the Defendant is depending upon the court to review the facts and remedies sought and to apply the appropriate Rule or Status the facts and requested relief dictate. See U.S. v Young 936 F. 2d 1050 (C.A. 9 1991).

SCANNED
DEC 0 7 2005
U.S. DISTRICT COURT ST. PAUL

**MEMORANDUM IN SUPPORT OF 2255 PETITION**

COMES NOW **VEGA** Pro Se, and files this memorandum in support of his 2255 petition, A federal prisoner is entitled to the issuance of a writ of habeas corpus when the petitioner's sentence" was in excess of the maximum authorized by the jury verdict or admitted by the defendant." United States v Booker, 125 S. Ct. 738 (2005) hereby requests the cort to vacate her sentence and re-sentence her to no more than the maximum allowed by the jury verdict/guilty plea.

PROCEDURAL HISTORY

Gilberto Moya Vega pleaded quilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. 841 (b)(1)(A), 846 petitioner had a mandatory minimun sentence of 135 months incarceration unless the safety valve provision applied to them. at separate harings the district court denied application of safety valve petitioner was sentence to ten year mandatory.

United States v Booker

The Supreme Court decided United States v Booker, 125 S Ct 738 (2005) on January 12, 2005. That opinion reaffirmed the holdings in Apprendi v New Jersey, 530 U.S. 466 (2000) and Blakely v Washington, 124 s. Ct 2531 (2004) that any fact (other that a prior conviction) which is necessary to impose a sentence exceeding the maximum authorize by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.
125 S. Ct At 746 The Court ruled that the Federal Guidelines are in part unconstitutional and violate the Sixth Amendment because they require judges to increase sentences based on facts that have not been admitted by the defendant or found by a jury. Booker at 749 (emphasis added).

The remedial section of the Supreme Court opinion removed the part of the sentencing statute that required judges to impose a sentence within the guideline range. Id at 756 Judges may no longer strictly adhere to the sentencing guidelines , but instead merely consider them along with additional sentencing requirements as stated in 18 U.S.C 3553 (a) Sentences based on enhancements under the previously mandatory guidelines are unconstitutional unless the defendant admitted to the underlying facts or those facts were found by a jury, In this case a jury did not find the underlying facts and the defendant did not admit to them .

Retroactivity

The Supreme Court has not yet stated whether or not the rule announced in Booker applies retroactively to cases on collateral review. No negative inference should be drawn from this, however, since the cases the Supreme Court reviewed were direct appeals, Collateral review was not a question

Collateral review was not a question presented to the Court

New rules of criminal procedure are normally not applied retroactively on collateral reviwe. There is an exception when the new rule requires obserance of " those procedures that... are implicit in the concept of oredered liberty" Teague v Lane. 489 U.S. 288, 305-10 (989). This exeption applies to watershed rules o fcriminal procedural elements essential to the fairness of a proceeding. Sawyer v Smith 497 U.S. 227, 242 (1990). As the court explained, such rules vindicate two discreet concerns , the fundamental fairness of the underlying proceeding, and the accuracy of the underlying proceeding. Saffle v Parks, 494 U.S. 484, 495 (1990. The holding in Booker is such a watershed rule. Although the Supreme Court has not specifically stated whether the rule in Booker shoudl be applied retroactively, it has addressed a similar issue. In Hankerson v North Carolina, 432 U.S. 233 U.S. 233 (1977), the Court gave retroactively, it has addressed a similar issue. In Hankerson v North Carolina, 432 U.S. 233 (1977), the Court gave retroactive effect to the rule requiring proof of all elements of crime beyond a reasoanable doubt. The standard of proof is what is at issue in Booker Enhancements based on findings not admitted by the defendnat or found by a jury beyond a reasonable doubt are unconstitutional under the mandatory guidelines that were applied in petitioner's case The issue is " beyond a reasonable doubt" and it seems clear the Supreme Court found this to be a watershed rule in Hankerson. This requires retroactivity unlike the missallocation of factfinding responsibility of judge versus jury in Schriro v Summerlin, 124 S. Ct. 2519 (2004). In Summerlin the Court invalidated sentencing based on facts found by mere preponderance of the evidence because it violated the constittuionally mandated burden of proof beyond a reasoanble doubt. In Booker, however the Court is dealing with a reasonable doubt standard as opposed to the application of a preponderance

## DISCUSSION

### TImeliness

The Antiterrorism and Effective Death Penalty Act established a one year deadline for the filing of motions under 28 U.S.C. 2255 . One exception to this rule allows for the filing < 2255 motion within one year of the date on which the right asserted was recognized by the Supreme Court. That Court decided Blakely v Washington, on June 24, 2004 and therefore this petition is within the one year limitations period.

OR

The Antiterrorism and Effective Death Penalty Act established a one year deadline for the filing of motions under 28 U.S.C < 2255 . One exception to this rule allows for the filing of a < 2255 motion within one year of the date on which the right asserted was recognized by the Supreme Court. That Court decided Blakly v Washington, on June 24 2004 and therefore this petition is within the one year limitations period.

OR

The Antiterrorism and Effective Death Penalty Act established a one year deadline for the filing of motions under 28 U.S.C. 2255. One exception to the rule allows for the filing of a < 2255 motion within one year of the date on which the right asserted was recognized by the Supreme Court. That Court decided United States v Booker on January 12, 2005 and therefore this petition is within the one year limitations period.

The use of such a lower standard is at odds with the Sixth Amendment and therefore the urel in Booker should be applied retroactively.

Remedy

The Booker decision applied to petitioner and hse is therefore entitled to re-sentencing in this court. This Court is no longer required to sentence the defendant within the guidelines. The Constitutional remedy requires re-sentencing in which the Sentencing guidelines are advisory only, to be considered along with the various sentencing factors stated in < 3553 (a)

respectfully requests this court grant her motion and sentence her in accordance with Booker.

Dated this 23 day of NOV.,2005

Respectfully Submitted

Federal Correctional Instituti
5701 8th ST CAMP PARKS
DUBLIN, CA. 94568