**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America, Criminal No. 02-283(1) (DWF/SRN)

Plaintiff,

v. **MEMORANDUM AND ORDER**

Gilberto Moya-Vega a/k/a Jorge Salinas,

Defendant.

---

Nathan P. Petterson, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Gilberto Moya-Vega, *Pro Se*, Defendant.

---

This matter is presently before the Court on a self-styled submission from Defendant, which the Clerk's Office has identified as a "motion to vacate." (Doc. No. 76.) As far as the Court can tell, Defendant is claiming that his sentence should be vacated by reason of the Supreme Court's decision in *Booker v. United States*, 125 S. Ct. 738 (2005).

Because it is obvious that Defendant is attempting to collaterally attack his sentence in this matter, his current submission must be construed to be a motion brought under 28 U.S.C. § 2255. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255"). The Court recognizes, however, that Defendant must be forewarned (and he now is so forewarned) that: (a) he probably will have only one opportunity to seek relief under § 2255,

and he must therefore join all of his claims for post-conviction relief in a single § 2255 motion; and (b) applications for relief under § 2255 are subject to a one-year statute of limitations which is set forth at ¶ 6 of the statute. The Court further recognizes that Defendant must be given an opportunity to withdraw his current submission, or submit a new § 2255 motion that includes all of his post-conviction challenges to his judgment of conviction and sentence. *Castro v. United States*, 540 U.S. 375, 383 (2003) ("when a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has"); *Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002) ("When a district court intends to reclassify a pro se litigant's pleading as a § 2255 motion, it must do two things. First, the court must warn the litigant of the restrictions on second or successive motions, and of the one-year limitations period, set forth in 28 U.S.C. § 2255. Second, the court must provide him an opportunity either to consent to the reclassification or to withdraw his motion.").

In accordance with *Castro* and *Morales*, Defendant will be given 20 days from the date of this order in which to: (i) withdraw his current submission (Doc. No. 76); or (ii) file a § 2255 motion on the form prescribed for use in this district that will supercede his current submission and set forth all of his post-conviction claims for relief.[1] If Defendant has not responded to this order within 20 days, he will

---

[1] If Defendant elects to file to file a new § 2255 motion, it would behoove him to explain why

(continued...)

be deemed to have consented to having his current submission treated as a § 2255 motion, and it will thereafter be addressed and decided accordingly.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Defendant shall have 20 days from the date of this order in which to: (i) withdraw his current "motion to vacate" (Doc. No. 76); or (ii) file a new motion for relief under 28 U.S.C. § 2255 on the form prescribed for use in this district that will supercede his current motion and set forth all of his post-conviction claims for relief; and if Defendant does not take one of these two actions within 20 days, he will be deemed to have consented to having his current submission treated and decided as a motion for relief under 28 U.S.C. § 2255.

Dated: December 7, 2005

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

[1](...continued)
his motion should not be summarily dismissed pursuant to the Eighth Circuit Court of Appeals' decision in *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (*per curiam*), which explicitly holds that *Booker* is not retroactively applicable on collateral review.